

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-13-391

| | |
|---|---|
| PATRICE AUSTIN BRUMFIELD | **Opinion Delivered** November 13, 2013 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTEENTH DIVISION |
| V. | [NO. 60CR-05-4629] |
| LYNDA JOHNSON | HONORABLE MORGAN E. WELCH, JUDGE |
| APPELLEE | |
| | REVERSED AND DISMISSED |

**DAVID M. GLOVER, Judge**

In this one-brief case, Patrice Brumfield appeals from the trial court's order finding her in contempt and ordering her to pay $750 in attorney's fees. We reverse and dismiss.

Brumfield is the mother of a child, J.J., born in 2000. The present action was initiated by J.J.'s paternal grandmother, appellee Lynda Johnson, who had been granted visitation rights with J.J. in a May 2, 2006 order, when Johnson filed a motion for contempt against Brumfield. In the contempt motion, Johnson alleged Brumfield willfully and intentionally failed and refused to comply with the court's May 2, 2006 order "in that she has failed to allow one full weekend per month of visitation since December 31, 2011, with the exception of Easter weekend," and has further failed to "work out as much visitation between the paternal grandmother and child as is conceivable pursuant to paragraph 4(a) of the order." Johnson prayed for an order requiring Brumfield to appear and show cause why she not be

held in contempt regarding visitation, for appropriate sanctions, and for Johnson's costs and attorney's fees in pursuing the contempt matter.

The order setting a show-cause hearing was filed on April 17, 2012; it set the hearing date for May 29, 2012. On May 23, 2012, Brumfield filed her response to the motion for contempt, denying that she willfully and intentionally failed and refused to comply with the court's earlier order. Brumfield also filed a countermotion to modify the visitation order; it was denied by the trial court and is not challenged in this appeal.

The show-cause hearing did not actually take place until January 29, 2013. Three witnesses testified at the hearing: Patrice Brumfield, Lynda Johnson, and Britt Johnson (J.J.'s paternal uncle). Brumfield's testimony generally was that she had done everything the May 2, 2006 order and judgment required, and more, in 2011. She acknowledged that in 2012 the weekend visits did not occur in August or September because Johnson was ill and disabled in that period of time. Brumfield also explained that there was one visit for November—December because the weekend straddled the end of November and beginning of December. She acknowledged cutting off verbal communication with Johnson on March 10, 2012, based on events she described in which she claimed Johnson called her a whore, contacted J.J.'s school without permission and tried to cast Brumfield in a bad light, and used degrading language about her in front of J.J.

Johnson's testimony, on the other hand, can be summarized as follows: she claimed she had visitation with J.J. no more than five times in 2012. Johnson's son, Britt, who lives with her, supported her claim with his testimony.

To establish civil contempt, there must be *willful* disobedience of a valid order of the court. *Gray v. Gray*, 2013 Ark. App. 223. In its order following the contempt hearing, the trial court found Brumfield had violated its May 2006 order but that "said contempt is *not willful*." (Emphasis added.) Without a finding of willfulness, there can be no finding of contempt. We, therefore, reverse and dismiss.

Reversed and dismissed.

WYNNE and VAUGHT, JJ., agree.

*Sheila F. Campbell, P.A.*, by: *Sheila F. Campbell*, for appellant.

No response.